## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| DENALI ADVANCED INTEGRATION<br>Plaintiff<br><br>v.<br><br>GARCIA, JONATHAN<br>Defendant | Civil Action No.: 4:21-cv-225 |

### PLAINTIFF DENALI ADVANCED INTEGRATION'S ORIGINAL COMPLAINT

Plaintiff Denali Advanced Integration files this Original Complaint against Defendant Jonathan Garcia, and alleges as follows:

### PARTIES

1. Plaintiff Denali Advanced Integration is a corporation organized under the laws of the State of Washington with its principal place of business in King County, Washington.

2. Defendant Jonathan Garcia is a citizen and domiciliary of the State of Texas. Defendant Garcia may be served with process at his last known place of residence, 11707 Strand Street, Dallas, Texas 75218, or wherever he may be lawfully found.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant Garcia is subject to the Court's personal jurisdiction.

### FACTUAL BACKGROUND

5. Plaintiff hired Defendant on August 17, 2020 to work in Plaintiff's warehouse facility in Plano, Texas. Through his employment, Defendant had access to Plaintiff's warehouses and the

inventory stored within them. *See* Declaration of Stephen Gonzales attached as **Exhibit A**; *see also* Denali Investigation Report attached as **Exhibit A-1**.

6. As of March 8, 2021, Defendant had been absent from work for several days. Numerous attempts by Plaintiff's staff to reach Defendant went unanswered.

7. At approximately 11:00 a.m. on March 9, 2021, two Denali employees working in the company's warehouse in Plano, Texas observed Defendant walk in the back door of the warehouse two and directly to a pallet of cases of new iPhones. Defendant stopped to pick up five cases of boxed iPhones and Plaintiff removed them from the warehouse, got in his personal car, and left.

8. After the two employees advised their supervisor of the Defendant's apparent theft, Plaintiff determined that Defendant had stolen five cases of new, boxed iPhones from Plaintiff's warehouse.

9. Plaintiff has not denied his theft. Rather, when one of Plaintiff's supervisors sent a phone-text message to Defendant and instructed Defendant to return the phones, Defendant responded "Look Mark I'm a street n****" after which, instead of denying his theft Defendant threatened to expose what Defendant asserted is his supervisor's own purported wrongdoings if his supervisor pursued a legal remedy.

10. A legal remedy is clearly warranted and necessary.

## CAUSES OF ACTION

### Conversion

11. Plaintiff owned or legally possessed of the 192 iPhones at issue in this action.

12. Defendant unlawfully and without authorization exercised dominion and control over Plaintiff's 192 iPhones to the exclusion of, or inconsistent with Plaintiff's rights as owner or legal possessor. Plaintiff has made demand upon Defendant to return its property and Defendant has

refused; indeed threatening Plaintiff's employee.

13. As a result of Defendant's conversion, Plaintiff is entitled to the return of the property and damages for Plaintiff's loss of use during the time of its detention or damages in the amount of the fair market value of the property at the time and place of the conversion.

### Texas Theft Liability Act

10. Plaintiff also sues under the Texas Theft Liability Act, Chapter 34 TEX. CIV. PRAC. & REM. CODE, for damages and attorney's fees.

### CONDITIONS PRECEDENT

11. Plaintiff has fulfilled all conditions precedent to Plaintiff's claims for relief.

### DEMAND FOR JURY TRIAL

12. Plaintiff demands a jury trial and has submitted the appropriate jury fee with Plaintiff's original complaint.

## **PRAYER**

Plaintiff respectfully requests the Court award Plaintiff judgment against Defendant for the cause of action Plaintiff brings in this complaint, and order relief in the form of replevin, or, alternatively, actual damages, along with prejudgment and post-judgment interest, costs of court, attorney's fees, recovery of its expert witness fees and deposition costs, if any, and for such other relief to which Plaintiff is justly entitled.

Dated: March 22, 2021

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ William S. Helfand*
WILLIAM S. HELFAND
Texas Bar No.: 09388250
ELLIOT J. KUDISCH
*Pro Hac Vice Forthcoming*
D.C. Bar No.: 229677
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel:     (713) 659-6767
Fax:    (713) 759-6830
Email:  bill.helfand@lewisbrisbois.com
Email:  elliot.kudisch@lewisbrisbois.com

**ATTORNEYS FOR PLAINTIFF
DENALI ADVANCED INTEGRATION**